IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY SATTERWHITE | § | |
| | § | |
| v. | § | C.A. NO. MC-11-079 |
| | § | |
| DEPARTMENT OF THE TREASURY | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO PROCEED
*IN FORMA PAUPERIS* AND TO DISMISS PLAINTIFF'S ACTION**

Johnny Satterwhite, plaintiff, proceeding pro se, has filed an action against defendant Financial Management Services, a bureau of the United States Department of the Treasury. Pending is his application to proceed in forma pauperis in this action. (D.E. 1). On February 22, 2012, a hearing was held regarding plaintiff's motion and his claims.

For the reasons stated herein, it is respectfully recommended that plaintiff's motion to proceed in forma pauperis be denied, and that his action be dismissed.

## I. BACKGROUND

Plaintiff alleges that defendant failed to make payment owed to the estate of Phillip Satterwhite, his paternal grandfather. (D.E. 1-1).

**A.  Plaintiff's Claim.**

Plaintiff bases his claim on being an heir to his paternal grandfather's estate. He alleges that a trust was established in 1938 in Cameron, Texas, which is in Milam County. Moreover, he claims that the beneficiaries of the estate have not received payments in over seventy years. (D.E. 1-1, at 1). Plaintiff asserts that he is entitled to damages in excess of $1,000,000. Id.

During the hearing, plaintiff was asked to explain the basis for his claim against the United States related to his grandfather's estate. He indicated that he is attempting to obtain

recovery fees owed from a specific Treasury Department account (No. 201010). He claims that he was being sent numerous disclosure statements from the Treasury Department's Financial Management Services to support his belief that he is owed money. During the hearing, plaintiff had difficulty explaining why he was entitled to any funds from the Treasury Department.

Because of plaintiff's inability to articulate his claim, but his assertion that he believed he was owed money based on disclosure statements by the Financial Management Services, he was ordered to provide all documentation to support his claim. (D.E. 6). On March 9, 2012, he filed with the Court various documents. Regarding the Financial Management Services, he filed the bureau's Bulletin No. 2005-07 dated September 27, 2005 entitled "Instructions for Submitting Vendor Payment Requests." (D.E. 7-1, at 1-5). He also filed a page showing what appears to be an email account inbox with a number of emails from addresses that appear to originate from the Financial Management Services. Id. at 6. He filed an email dated November 29, 2010 from the Federal Reserve Financial Services thanking plaintiff "for registering for the *Go FedDirect: Getting Started with the Fed* Seminar on December 1, 2010." Id. at 7. He included a page from the Financial Management Services website concerning an overview of its Secure Payment System. Id. at 8. Finally, he sent an email dated March 6, 2012 from the Financial Management Services notifying him that the Secure Payment System website has been updated. Id. at 9. Additionally, plaintiff filed various Milam County documents regarding the estate of Phillip Satterwhite and affidavits of heirship.

**B.     Plaintiff's Application to Proceed In Forma Pauperis.**

A hearing was held regarding plaintiff's pending motion on February 22, 2012. At that hearing, he testified that he has limited monthly income. He is currently unemployed and last

worked in 2005 at Fort Sam Houston in San Antonio as kitchen personnel earning about $7.25 per hour.  He is not married.

Plaintiff has four children, ranging in ages from 22 to 30.  He currently resides in Killeen, Texas in an apartment with his son, his daughter-in-law and their two children.  He has resided in Killeen since about 2010 after moving there from San Antonio.  The monthly rent for his apartment is $735.

Plaintiff has a banking account with approximately $300.  He testified that he did not own any other value assets, including a car.

Plaintiff estimates that he spends about $140 per month for electricity and $60 per month for water.  He also spends about $140 per month on a bundled package of telephone service, cable, and internet.  He does not have any credit cards or outstanding balances owed.  He does not have any monthly expenses for food as his son provides it to him.  He does not have any monthly expenses for transportation as he does not go anywhere.  Because he is on Medicaid, he does not have any medical expenses.  He testified that he receives $356 per month in SSI benefits and $356 per month in survivor's disability benefits.

## II.  DISCUSSION

**A.    Actions Filed In Forma Pauperis Must Satisfy 28 U.S.C. § 1915(e)(2)(B).**

Plaintiff filed an application with the Court to proceed in forma pauperis, which would allow him to file his action without paying the filing fees:

> any court of the United States may authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1); see also Gay v. Tex. Dep't of Corrs. State Jail Div., 117 F.3d 240, 241 (5th Cir. 1997) (non-prisoner plaintiffs may file actions without paying a filing fee).  Even if a person is indigent, however, that person may be limited in proceeding in forma pauperis.  The statute further provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> \* \* \*
> (B) the action or appeal–
>     (I)   is frivolous or malicious;
>     (ii)  fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Siglar v. Hightower, 112 F.3d 191, 193 (stating that a complaint may be dismissed if it lacks an arguable basis in law or fact).

    Plaintiff's pro se complaint is to be construed liberally and its well-pleaded allegations accepted as true.  Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).  "Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted."  Id. (citing Levitt v. Univ. of Tex. at El Paso, 847 F.2d 221, 224 (5th Cir. 1988)).  In Siglar, the court explained that "[a] complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  112 F.3d at 193 (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  The Fifth Circuit has also held that "[a] district court may dismiss an in forma pauperis proceeding as frivolous ... whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in

law or fact." <u>Henson-El v. Rogers</u>, 923 F.2d 51, 53 (5th Cir. 1991) (per curiam) (citations omitted); <u>see</u> <u>also</u> <u>Booker v. Koonce</u>, 2 F.3d 114, 116 (5th Cir. 1993) (dismissing an arrestee's <u>in forma pauperis</u> civil rights claims against district attorney and city as facially frivolous).

**B.      This Court Lacks Jurisdiction Over Plaintiff's Claims.**

Plaintiff alleges that an agency of the United States owes him for claims related to his grandfather's estate in excess of one million dollars.  (D.E. 1-1).  Specifically, he asserts that the Treasury Department's Financial Management Services should provide him with a monthly payment.  <u>Id.</u>

Pursuant to the Tucker Act, Congress has mandated that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contact with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1); <u>accord</u> <u>Paradissiotis v. Rubin</u>, 171 F.3d 983, 989 (5th Cir. 1999); <u>Amoco Prod. Co. v. Hodel</u>, 815 F.2d 352, 358 (5th Cir. 1987).  Moreover, the Court of Federal Claims has exclusive jurisdiction over any "civil action or claim against the United States that exceeds $10,000 in damages.  28 U.S.C. § 1346(a)(2); <u>accord</u> <u>Chichakli v. Szubin</u>, 546 F.3d 315, 317 (5th Cir. 2008); <u>Paradissiotis</u>, 171 F.3d 983, 989 (5th Cir. 1999).

The Fifth Circuit has determined that the district court lacks jurisdiction over lawsuits against various agencies of the Treasury Department.  <u>See</u>, <u>e.g.</u>, <u>Paradissiotis</u>, 171 F.3d at 989 (Office of Foreign Assets Control).  Moreover, claims based on royalties owed by the Government fall within the Tucker Act and must be filed in the Court of Federal Claims.  <u>See</u>

5

Case 2:11-mc-00079   Document 8   Filed in TXSD on 03/16/12   Page 6 of 8

Diamond Shamrock Exploration Co. v. Hodel, 853 F.2d 1159, 1168 (5th Cir. 1988).  Even when it is unclear from the complaint how much a plaintiff is seeking, where it is clear that the amount is greater than $10,000, a district court lacks jurisdiction.  See Chichakli, 546 F.3d at 317.

Putting aside the merits of any claim plaintiff may have, his complaint evinces an attempt to sue a federal agency for money he claims is owed him.  Accordingly, based on the Tucker Act, it is respectfully recommended that plaintiff's action lacks jurisdiction in this Court.

Alternatively, if the Tucker Act does not apply in this action, plaintiff resides in Killeen, Texas which is in Bell County, which is within the Waco Division of the Western District of Texas.  28 U.S.C. § 124(d)(2).  The allegations in his complaint stem from a dispute regarding his grandfather's estate in Milam County, which also is within the Waco Division of the Western District of Texas.  Id.  Financial Management Services, a bureau of the United States Department of the Treasury, has its headquarters in Washington, D.C.  (D.E. 7-1, at 4).  The nearest regional office for the agency is located in Austin, Texas, which is within the Austin Division of the Western District of Texas.  28 U.S.C. § 124(d)(1).

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  The Fifth Circuit has explained that "an action which is not based solely on diversity, absent special statute or rule must be brought in the district where all defendants reside or in which the claim arose.  Attwell v. LaSalle Nat'l Bank, 607 F.2d 1157, 1162 (5th Cir. 1979) (citing § 1391(b)).  Plaintiff has not demonstrated that the Financial Management Services is located within the Southern District of Texas or that the

events giving rise to his allegations happened with this Court's jurisdiction.  See Birdwell v. Livingston, 327 F. App'x 457, 460 (5th Cir. 2009) (per curiam) (unpublished).  Accordingly, it is respectfully recommended that plaintiff's action lacks jurisdiction in this Court.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion to proceed in forma pauperis be denied, and that his action be dismissed.

Respectfully submitted this 16th day of March 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n., 79 F.3d 1415 (5th Cir. 1996) (en banc).